| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Lorene Lynn Mies**<br>**38975 Sky Canyon Drive, Suite 204**<br>**Murrieta, CA 92563**<br>**(951) 894-4791 Fax: (951) 894-4795**<br>California State Bar Number: 110954<br><br>☒ *Attorney for Debtor(s)*<br>☐ *Debtor(s) appearing without an attorney* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    **Lamont Cedric Foster**<br>    **Janeen Yvelle Foster**<br><br>                Debtor(s). | CASE NO.: **6:11-bk-10639**<br>CHAPTER: **13**<br>**DEBTOR'S MOTION TO AVOID JUNIOR<br>LIEN ON PRINCIPAL RESIDENCE**<br>**[11 U.S.C. § 506(d)]**<br>DATE:  **March 17, 2011**<br>TIME:   **1:30 p.m.**<br>COURTROOM:  **303**<br>PLACE: **3420 Twelfth Street**<br>           **Riverside, CA 92501** |

**NAME OF CREDITOR HOLDING JUNIOR LIEN ("Respondent"):**  __OneWest Bank, FSB__

**A. Property at Issue:** Debtor moves to avoid the junior deed of trust, mortgage or other encumbrance (hereinafter, "Lien") encumbering the following real property (hereinafter, the "Property"), which is the principal residence of debtor(s).

      Street Address:          **36022 Tarah Court**
      Unit Number:  _____
      City, State, Zip Code:  __Winchester, CA  92596__

Legal description or document recording number (including county of recording):

**Lot 11 of RESUBDIVISION OF MORSE HEIGHTS, according to the Map thereof No. 8283, filed in the Office of the County Recorder of San Diego County, March 26, 1976.**

☒ See attached page.

**B. Case History:**

    **1.** A voluntary petition under Chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on: __1/7/2011__

    **2.** ☐ An Order of Conversion to Chapter 13 was entered on *(specify date)*:

**C. Grounds for Avoidance of Junior Lien:**

    **1.** As of __1/7/2011__ , the Property is subject to the following liens in the amounts specified securing the debt against the Property, which the debtor seeks to have treated as indicated:

        i.  **1st Mortgage, OneWest Bank**  in the amount of $ __231,000__ .

        ii.  **2nd Mortgage, OneWest Bank, FSB** in the amount of $ __52,869.00__ ☒ is ☐ is not  to be avoided;

        iii.  _____ in the amount of $ _____ ☐ is ☐ is not to be avoided;

            ☐ See attached page for additional lien(s).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**2.** As of  1/7/2011  , Property is worth no more than $  215,000  .

    a. As a result, Respondent's Lien encumbering the Property is wholly unsecured.

**3. Evidence in Support of Motion:**

    a. ☒ The amount of the lien identified in paragraph C(1)(i) is based on  **OneWest Bank Reinstatement Demand** , attached hereto and identified as Exhibit  **2** .

    b. ☒ The amount of the lien identified in paragraph C(1)(ii) is based on  **2nd Deed of Trust and filed Proof of Claim** , attached hereto and identified as Exhibits  **3 and 4** .

    c. ☐ The amount of the lien identified in paragraph C(1)(iii)) is based on  _____ , attached hereto and identified as Exhibit ___ .

    d. ☒ The relative priority of the liens encumbering the Property is established by evidence attached as Exhibit  **5** .

    e. ☒ The value of the Property from paragraph C(2) is based on *Debtors Declaration*, attached as

    f. ☒ Exhibit  1 .

    g. ☒ Debtor submits the attached Declaration(s).

    h. ☐ Other evidence (specify): _____

**4. WHEREFORE, Debtor prays that this Court issue an Order granting the following relief:**

    a. That the Property is valued at no more than $  215,000  .

    b. That no payments are to be made on the secured claim of the Respondent, and regular mortgage maintenance payments are not to be made, before the Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.

    c. That the Respondent's claim on the junior position lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim.

    d. That the avoidance of the Respondent's junior lien is contingent upon: The Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.

    e. That the Respondent shall retain its lien in the junior position for the full amount due under the corresponding note and lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the United States Bankruptcy Code, or if the Property is sold or refinanced prior to the Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.

    f. That in the event that the holder of the first position lien or any senior lien on the Property forecloses on its interest and extinguishes the Respondent's lien rights prior to the Debtor's completion of the chapter 13 plan and receipt of a chapter 13 discharge, the Respondent's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

**5.** ☐ See attached continuation page for additional provisions.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL www.bestcase.com

Page 2

**F 4003-2.4.MOTION**

Dated: February 17, 2011

Respectfully submitted,

By: _____
    *Signature of Debtor or Attorney for Debtor*

Name:  **Lorene Lynn Mies**_____
       *Type Name of Debtor or Attorney for Debtor*

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                    Page 3                  **F 4003-2.4.MOTION**
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL www.bestcase.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**38975 Sky Canyon Drive, Suite 204, Murrieta, CA 92563**

A true and correct copy of the foregoing document described as   <u>**MOTION TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE**</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner
indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and
Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On
<u>**2/17/2011**</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

LORENE LYNN MIES - lorene@lmieslaw.com
AMRANE (RS) COHEN - efileRS@ch13ac.com
UNITED STATES TRUSTEE -  ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>2/17/2011</u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid,
and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
<u>will be</u> completed no later than 24 hours after the document is filed.

HONORABLE CATHERINE BAUER
UNITED STATES BANKRUPTCY COURT
3420 Twelfth Street
Riverside, CA 92501

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity
served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal
delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the
judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**February 17, 2011**      Christine Carbonell

_Date_                    _Type Name_                              _Signature_

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**II. SERVED BY U.S. MAIL, CERTIFIED MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
*(Attached page to Proof of Service-please include any additional or alternative addresses and attach additional pages if needed)*
*(Certified Mail required for service on a national bank.)*

| Name of 1st Lien Holder & Address<br><br>**OneWest Bank, FSB**<br>**Attn:  Officer of the Bank**<br>**888 E. Walnut Street**<br>**Pasadena, CA  91101** | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☒ FDIC website  ☐ Other: *specify* | Delivery Method<br>☒ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| --- | --- | --- |
| Name of 1st Lien Holder - Agent for Service of Process | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| Name of 1st Lien Holder - Servicing Agent | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |

| Name of 2nd Lien Holder & Address<br>**OneWest Bank, FSB**<br>**Attn:  Officer of the Bank**<br>**888 E. Walnut Street**<br>**Pasadena, CA  91101** | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☒ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☒ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| --- | --- | --- |
| Name of 2nd Lien Holder - Agent for Service of Process<br>**First American**<br>**c/o Weinstein and Riley, PS**<br>**2001 Western Avenue, Suite 400**<br>**Seattle, WA  98124** | Address from:<br>☒ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☒ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| Name of 2nd Lien Holder - Servicing Agent | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |

| Name of 3rd Lien Holder & Address | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| --- | --- | --- |
| Name of 3rd Lien Holder - Agent for Service of Process | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| *Name of 3rd Lien Holder - Servicing Agent* | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| --- | --- | --- |
| *Alternative/Additional Address* | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |
| *Alternative/Additional Address* | Address from:<br>☐ Proof of Claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified Mail -<br>Tracking#_____<br>☐ Overnight Mail -<br>Tracking#_____<br>Carrier Name: |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2010*                                                    Page 6                                    **F 4003-2.4.MOTION**
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL www.bestcase.com

**Address  2nd Mtg confirmed:** ☑FDIC  ☐CA Secty St.   ☐Other

Back to Search Bank Find

# Notice of Change as of 2/10/2011.

The financial institution about which you have inquired, **Indymac Bank, F.S.B.** (FDIC Cert: 29730), is no longer doing business under that name.

The active successor institution is **OneWest Bank, FSB** (FDIC Cert: 58978).

Latest information available about OneWest Bank, FSB.

Historical profile and institutions following Indymac Bank, F.S.B.
Last financial information available about Indymac Bank, F.S.B.

Contact the FDIC about - Indymac Bank, F.S.B. or OneWest Bank, FSB.

Questions, Suggestions & Requests

Home | Contact Us | Search | Help | SiteMap | Forms

Website Policies | Privacy Policy | USA.gov | FDIC Office of Inspector General

Freedom of Information Act (FOIA) Service Center | FDIC Open Government Webpage | No FEAR Act Data

Back to Search Bank Find

OneWest
Foster

# Your Bank at a Glance as of 12/29/2010.

---

**OneWest Bank, FSB** (FDIC Cert: 58978) **is FDIC Insured.**

---

**OneWest Bank, FSB** has been FDIC insured since **March 19, 2009.**
It was established on **March 19, 2009.**
Its main office (headquarters) is located at:

> **888 E Walnut St**
> **Pasadena, California 91101**
> **County of Los Angeles**

Check to locate Branches Offices by state.

OneWest Bank, FSB's reported (or primary) website: http://www.owb.com:80/

**OneWest Bank, FSB** is chartered as a Savings Association. Therefore the primary federal regulator is the O
**Thrift Supervision (OTS)**. For **consumer assistance** regarding an issue with this institution, please contact
directly using http://www.ots.treas.gov/?p=ConsumerComplaintsInquiries.

> Calculate your FDIC insurance coverage at OneWest Bank, FSB using FDIC EDIE at www.fdic.gov/edie.
> Last financial information available about OneWest Bank, FSB.
> Historical profile of Onewest Bank, Fsb.

> For additional information please click on one of the following:
> 1. For more information on Federal Deposit Insurance, Your Insured Deposits or Insured or Not Insured
> 2. View the industry's overall picture - Statistics at a Glance
>    (This will open a new window.)
> 3. Current Financial data about your bank - Institution Directory – Two years Financial Report
>    (This will open a new window.)
> 4. Examine your bank's financial data - FFIEC Call/TFR Report 9/30/2010 Latest Available
> 5. Study branching and deposit market share - Summary of Deposits/Market Share
> 6. Analyze and compare individual institutions and create custom reports - Institution Directory – Compa
> 7. Review industry using 8 predefined reports - Statistics on Depository Institutions
> 8. Identify the latest performance trends in your state - Quarterly Banking Profile State Tables
>    (This will open a new window.)
> 9. Analyze institutions and custom peer groups - Statistics on Depository Institutions
> 10. View branch office deposit information - Summary of Deposits
> 11. Community Reinvestment Act (CRA) Performance Ratings - CRA Performance Ratings
> 12. FDIC's Disclaimer - FDIC's Disclaimer

Questions, Suggestions & Requests

Home | Contact Us | Search | Help | SiteMap | Forms

Freedom of Information Act (FOIA) Service Center | Website Policies | USA.gov | FDIC Office of Inspector General

FDIC Open Government Webpage | No FEAR Act Data

# DEBTOR'S DECLARATION

Exhibit "1"

## DECLARATION OF DEBTORS

We, Lamont & Janeen Foster declare as follows:

1.  We are the Debtors in this matter. If called to do so, we could and would testify to the following, all of which is within our personal knowledge unless otherwise stated.

2.  This case was commenced on January 7, 2011, when we filed our Chapter 13 Petition.

3.  We currently own a home located at 36022 Tarah Court, Winchester, CA 92596 which is the real property located in the State of California, legally described as : LOT 11 OF RESUBDIVISION OF MORSE HEIGHTS, ACCORDING TO THE MAP THEREOF NO. 8283, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, MARCH 26, 1976.

4.  We believe that our house is worth $215,000.  We believe this to be the value because we have lived in this neighborhood for several years and have seen the economy change and the effect it has had on the real estate in this neighborhood. Based on the size and model and current condition of our home, it is our opinion that our home is now worth $215,000. Our home is over eight years old, there are settling/stress cracks that require repair, the upstairs flooring needs replacement, the interior and exterior walls are in need of repair and paint, there is a leaking faucet and kitchen upgrades needed. In addition, the back yard needs landscaping and there are drainage issues that need attention.

5.  There is a 1st   Mortgage on our house with OneWest Bank; the balance   is approximately  **$231,000.** See, *Reinstatement Demand*, a true and correct copy of which is attached hereto as **Exhibit "2".**



Exhibit 1

6. There is also a 2nd Mortgage on our house with Onewest; the balance  is approximately **$52,869 according to our recent credit report**. We have not been receiving regular statements since we have fallen behind in payments, therefore we are unable to attach any statements to this Declaration.

7.   Based upon the foregoing, the 2nd Trust Deed is, and for all intents and purposes, a wholly unsecured debt.  The chapter 13 Plan, therefore, provides for the avoidance of the 2nd Trust Deed as an encumbrance on the Residence.

We affirm under penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct, and that this declaration was executed in Murrieta California on January 7, 2011, at Murrieta, California.

Lamont Foster, Debtor

Janeen Foster, Debtor

# Exhibit "2"  - 1st Mortgage –

# Reinstatement Demand

**TRUSTEE**
*CORPS*

17100 Gillette Avenue

Irvine, CA 92614

(949) 252-8300    fax (949) 752-7091

Date: December 14, 2010 T.S. #: CA05002383-10  Loan #1002878468 Beneficiary: ONEWEST BANK, FSB
Prepared By: EB

# REINSTATEMENT DEMAND

| | |
|---|---|
| Payments | $ 10,295.04 |
| Late charges | $    448.96 |
| Pending late charge | $     56.12 |
| SMR corp adv | $     67.00 |
| Inspections | $     11.00 |
| **Sub-Total fees due Beneficiary:** | **$ 10,878.12** |
| **Sub-Total foreclosure fees/costs due Trustee:** | **$ 2,895.00** |

## TOTAL amount due to <u>REINSTATE</u> loan: $13,773.12

**** IMPORTANT ****
### THESE FIGURES ARE SUBJECT TO FINAL VERIFICATION UPON RECEIPT OF FUNDS

[Please note the following:]

## THIS STATEMENT EXPIRES ON:  <u>1/7/2011    @    3:00p.m.</u>

PLEASE BE ADVISED THAT YOU MUST CONTACT OUR OFFICE AT LEAST <u>1-BUSINESS DAY</u> PRIOR TO SENDING IN FUNDS FOR AN UPDATE ON THE TOTAL AMOUNT DUE TO REINSTATE THIS LOAN. *TRUSTEE CORPS* <u>WILL NOT</u> ACCEPT ANY FUNDS UNLESS THE TOTAL AMOUNT DUE IS VERIFIED PRIOR TO THE EXPIRATION DATE OF THIS DEMAND. *TRUSTEE CORPS* <u>WILL NOT</u> BE RESPONSIBLE FOR ANY SHORTAGE OF FUNDS. *TRUSTEE CORPS* AND THE LENDER ON THIS LOAN HAVE THE RIGHT TO REJECT AND RETURN ANY FUNDS, WHICH ARE NOT ADEQUATE TO REINSTATE THE DEFAULT.

**You** <u>**must provide**</u> **proof that the following items are paid current (prior to tendering funds):**

- SENIOR LIENS
- PROPERTY TAXES
- FIRE INSURANCE

Signed by:

Approved by:

Reinstatement/Pay Off Department

---

## REGARDING REINSTATEMENTS AND/OR PAY OFFS SENT TO *TRUSTEE CORPS:*

- *TRUSTEE CORPS* <u>will only</u> accept **CASH** or **CASHIER`S CHECKS** <u>made payable in U.S. Dollars</u> to *TRUSTEE CORPS.*
- <u>NO</u> personal checks, <u>NO</u> Title Company, <u>NO</u> Escrow Company, <u>NO</u> business checks or <u>NO</u> wire transfers will be accepted.
- *TRUSTEE CORPS* must verify all amounts due with the beneficiary <u>prior</u> to your tendering funds. You must contact *TRUSTEE CORPS* at least 1-business day before sending in funds.
- Funds must be delivered to *TRUSTEE CORPS* at: *17100 Gillette Ave., Irvine, CA 92614*
- Please direct any correspondence to: *REINSTATEMENT / PAY OFF DEPARTMENT; rprequests@trusteecorps.com*



Exhibit 2

ONEWEST BANK, F.S.B.
c/o Trustee Corps
17100 Gillette Ave
Irvine, CA 92614
Phone: 949-252-8300 REF# CA05002383-10-1

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT:

**MTC FINANCIAL Inc., dba Trustee Corps** is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated as of **December 30, 2002,** executed by **LAMONT CEDRIC FOSTER AND JANEEN JOHNSON FOSTER, HUSBAND AND WIFE AS JOINT TENANTS,** as trustor, to secure obligations in favor of **INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK,** as Beneficiary, recorded **December 31, 2002,** as Instrument No. **2002-793681** of the Official Records in the office of the Recorder of **Riverside County, California,** as more fully described on said Deed of Trust. Including a Note(s) for the sum of **$231,300.00** that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 07/01/2010 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, ALONG WITH LATE CHARGES, PLUS FORECLOSURE COSTS AND LEGAL FEES. PLUS ALL OF THE TERMS AND CONDITIONS AS PER THE DEED OF TRUST, PROMISSORY NOTE AND RELATED LOAN DOCUMENTS.**
That by reason thereof, the present Beneficiary under such Deed of Trust, has executed and delivered to MTC FINANCIAL Inc., dba Trustee Corps, said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Date: September 30, 2010


MTC FINANCIAL Inc., dba Trustee Corps as Agent for the Beneficiary
By: Security Union Title Insurance Company, as authorized signatory



By:     SUSAN DANA


TRUSTEE CORPS IS A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



# Exhibit "3"  - Deed of Trust

# (2nd mortgage)

Loan No: 3140579
This document was prepared by Martha Garcia
325 North Barrance Street, West Covina, CA 91791
Please return this document after recording to:
IndyMac Bank, F.S.B. c/o Document
Management
155 North Lake Avenue

Pasadena, CA 91101

——————— State of California ———————    ——————— Space Above This Line For Recording Data ———————

## DEED OF TRUST
### (With Future Advance Clause)

1. **DATE AND PARTIES.** The date of this Deed of Trust (Security Instrument) is ............ November 18, 2003 .............
   and the parties, their addresses and tax identification numbers, if required, are as follows:
   GRANTOR:    Lamont Cederic Foster and Janeen Johnson Foster, husband and wife
   as joint tenants

   36022 Tarah Court, Winchester Area, CA 92596
   ☐ If checked, refer to the attached Addendum incorporated herein, for additional Grantors, their signatures and
   acknowledgments.
   TRUSTEE: Charles A. Brown
       4620 Fairmont Parkway, Suite 108, Pasadena, TX 77504

   LENDER:  IndyMac Bank, F.S.B., a federally chartered savings bank

       155 North Lake Avenue, Pasadena, CA 91101

2. **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to
   secure the Secured Debt (defined below) and Grantor's performance under this Security Instrument, Grantor irrevocably
   grants, conveys and sells to Trustee, in trust for the benefit of Lender, with power of sale, the following described
   property:
   See Exhibit "A" attached hereto and made a part hereof.

   The property is located in ........................... Riverside ........................... at ...........................................
   ........................................................................(County)
   ............ 36022 Tarah Court ............................... Winchester Area , California    92596
   ..................(Address)...............................................(City)...........................(ZIP Code)
   Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian
   rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may
   now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Security Instrument at any one time shall
   not exceed $ ........ 48,000.00 . This limitation of amount does not include interest and other fees and charges validly
   made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this
   Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
   A.  Debt incurred under the terms of all promissory note(s), contract(s), guaranty(s) or other evidence of debt described
       below and all their extensions, renewals, modifications or substitutions. (Include items such as borrowers' names,
       note or contract amounts, interest rates (whether variable), maturity dates, etc.)
       One certain home equity line of credit agreement dated November 18, 2003
       executed by Janeen Johnson Foster in the amount of $48,000.00 due and
       payable in full on December 15, 2023.

CALIFORNIA - HOME EQUITY LINE OF CREDIT DEED OF TRUST (NOT FOR FNMA, FHLMC, FHA OR VA USE)
ExpErE © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA  9/13/2001
VMP -C465(CA) (0112)    VMP MORTGAGE FORMS - (800)521-7291



(page 1 of 6)

Loan No: 3140579

B. All future advances from Lender to Grantor or other future obligations of Grantor to Lender under any promissory note, contract or guaranty, or other evidence of debt executed by Grantor in favor of Lender after this Security Instrument if this Security Instrument is specifically referenced on the evidence of other debt. If more than one person signs this Security Instrument, each Grantor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Grantor, or any one or more Grantor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument.

C. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

D. Performance of every obligation in this Security Instrument (including any subsequent instrument amending this Security Instrument) and any instrument now or later evidencing or securing any indebtedness secured by this Security Instrument.

In the event that Lender fails to provide any necessary notice of the right of rescission with respect to any additional indebtedness secured under paragraph B of this Section, Lender waives any subsequent security interest in the Grantor's principal dwelling that is created by this Security Instrument (but does not waive the security interest for the debts referenced in paragraph A of this Section.)

5. **DEED OF TRUST COVENANTS.** Grantor agrees that the covenants in this section are material obligations under the Secured Debt and this Security Instrument. If Grantor breaches any covenant in this section, Lender may refuse to make additional extensions of credit and reduce the credit limit. By not exercising either remedy on Grantor's breach, Lender does not waive Lender's right to later consider the event a breach if it happens again.

**Payments.** Grantor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

**Prior Security Interests.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Grantor agrees to make all payments when due and to perform or comply with all covenants. Grantor also agrees not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written approval.

**Claims Against Title.** Grantor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Grantor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Grantor's payment. Grantor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Grantor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Grantor may have against parties who supply labor or materials to maintain or improve the Property.

**Property Condition, Alterations and Inspection.** Grantor will keep the Property in good condition and make all repairs that are reasonably necessary. Grantor shall not commit or allow any waste, impairment, or deterioration of the Property. Grantor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Grantor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Grantor will notify Lender of all demands, proceedings, claims, and actions against Grantor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Grantor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Grantor will in no way rely on Lender's inspection.

**Authority to Perform.** If Grantor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Grantor appoints Lender as attorney in fact to sign Grantor's name or pay any amount necessary for performance. Lender's right to perform for Grantor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's other rights under the law or this Security Instrument.



ExpereE © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA 9/13/2001
-C465(CA) (0112)

Loan No: 3140579

**Leaseholds; Condominiums; Planned Unit Developments.** Grantor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Grantor will perform all of Grantor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

**Condemnation.** Grantor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Grantor authorizes Lender to intervene in Grantor's name in any of the above described actions or claims. Grantor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and, will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

**Insurance.** Grantor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. These requirements may change during the life of this Security Instrument. The insurance carrier providing the insurance shall be chosen by Grantor subject to Lender's approval, which shall not be unreasonably withheld. If Grantor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Grantor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Grantor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Grantor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Grantor.

Unless otherwise agreed in writing, all insurance proceeds shall be applied to the restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of the scheduled payment nor change the amount of any payment. Any excess will be paid to the Grantor. If the Property is acquired by Lender, Grantor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

**Financial Reports and Additional Documents.** Grantor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Grantor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Grantor's obligations under this Security Instrument and Lender's lien status on the Property.

6. **WARRANTY OF TITLE.** Grantor warrants that Grantor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to irrevocably grant, convey and sell the Property to Trustee, in trust, with power of sale. Grantor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **DUE ON SALE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable.

8. **DEFAULT.** Grantor will be in default if any of the following occur:

**Fraud.** Any Consumer Borrower engages in fraud or material misrepresentation in connection with the Secured Debt that is an open end home equity plan.
**Payments.** Any Consumer Borrower on any Secured Debt that is an open end home equity plan fails to make a payment when due.
**Property.** Any action or inaction by the Borrower or Grantor occurs that adversely affects the Property or Lender's rights in the Property. This includes, but is not limited to, the following: (a) Grantor fails to maintain required insurance on the Property; (b) Grantor transfers the Property; (c) Grantor commits waste or otherwise destructively uses or fails to maintain the Property such that the action or inaction adversely affects Lender's security; (d) Grantor fails to pay taxes on the Property or otherwise fails to act and thereby causes a lien to be filed against the Property that is senior to the lien of this Security Instrument; (e) a sole Grantor dies; (f) if more than one Grantor, any Grantor dies and Lender's security is adversely affected; (g) the Property is taken through eminent domain; (h) a judgment is filed against Grantor and subjects Grantor and the Property to action that adversely affects Lender's interest; or (i) a prior lienholder forecloses on the Property and as a result, Lender's interest is adversely affected.

**Executive Officers.** Any Borrower is an executive officer of Lender or an affiliate and such Borrower becomes indebted to Lender or another lender in an aggregate amount greater than the amount permitted under federal laws and regulations.

Experts © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA  9/13/2001
-C465(CA) (0112)

*(page 3 of 6)*
LCF

Loan No: 3140579

9.  **REMEDIES ON DEFAULT.** In addition to any other remedy available under the terms of this Security Instrument, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Grantor is in default. In some instances, federal and state law will require Lender to provide Grantor with notice of the right to cure, or other notices and may establish time schedules for foreclosure actions.

At the option of the Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter. Lender shall be entitled to, without limitation, the power to sell the Property.

If Lender elects to foreclose by exercise of the power of sale, Lender will declare the entire Secured Debts due and payable by delivering to Trustee this Security Instrument and any evidence of the Secured Debts, receipts and evidence of expenditures made and secured, as Trustee requires. When the legally prescribed time passes after Trustee or Lender duly records a notice of default, the Trustee, Lender or other person authorized to take the sale will give a notice of sale as required by law and will cause the Property to be sold at the time and place fixed in the notice of sale. Lender may rescind any notice of default at any time before the Property's sale. Rescission will occur when Lender executes and records a notice of rescission that cancels any prior notice of default and any related acceleration of the Secured Debts. Lender's rescission will not waive any default then existing or subsequently occurring or preclude Lender exercising its remedies, including the power of sale, at another time.

The Property can be sold as a whole or in separate parcels and in any order that Trustee decides. The Property will be sold to the highest bidder for cash in lawful money of the United States, payable at sale time. The Property can be sold to anyone, including Grantor, Trustee or Lender. Trustee may postpone the sale of any part of the Property by public announcement at the time and place of this sale and afterwards at the time fixed by the preceding postponement. Upon any sale of the Property, Trustee will make and deliver a special or limited warranty deed that conveys the property sold to the purchaser or purchasers. Under this special or limited warranty deed, Trustee will covenant that Trustee has not caused or allowed a lien or an encumbrance to burden the Property and that Trustee will specially warrant and defend the Property's title to the purchaser or purchasers at the sale against all lawful claims and demand of all persons claiming by, through or under Trustee. The deed's recital of facts will be conclusive proof of the truthfulness of these facts.

The proceeds from the Property's sale will be applied to the sale expenses, Trustee's expenses, Lender's attorneys' fees due on Grantor's default, sums that Trustee or Lender paid for procuring a title search of the Property's title subsequent to the execution of this Security Instrument, all outstanding amounts due under this Security Instrument and the remainder to anyone legally entitled to the remaining amounts due.

The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Grantor's default, Lender does not waive Lender's right to later consider the event a default if it happens again.

10. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** If Grantor breaches any covenant in this Security Instrument, Grantor agrees to pay all expenses Lender incurs in performing such covenants (including but not limited to advances and expenses described in the DEED OF TRUST COVENANTS section) or protecting its security interest in the Property. Such expenses include, but are not limited to, fees incurred for inspecting, preserving, or otherwise protecting the Property and Lender's security interest. These expenses are payable on demand and will bear interest from the date of payment until paid in full at the highest rate of interest in effect as provided in the terms of the Secured Debt. Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses. To the extent permitted by the United States Bankruptcy Code, Grantor agrees to pay the reasonable attorneys' fees Lender incurs to collect the Secured Debt as awarded by any court exercising jurisdiction under the Bankruptcy Code. This Security Instrument shall remain in effect until released. Grantor agrees to pay for any recordation costs of such release.

11. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

Experts® Ⓒ 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA  9/13/2001
VMP® -C465(CA) (0112)



(page 4 of 6)

Loan No: 3140579

Grantor represents, warrants and agrees that:

A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.

B. Except as previously disclosed and acknowledged in writing to Lender, Grantor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.

C. Grantor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Grantor shall take all necessary remedial action in accordance with any Environmental Law.

D. Grantor shall immediately notify Lender in writing as soon as Grantor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

12. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Grantor will not be required to pay to Lender funds for taxes and insurance in escrow.

13. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Grantor signs this Security Instrument but does not sign an evidence of debt, Grantor does so only to mortgage Grantor's interest in the Property to secure payment of the Secured Debt and Grantor does not agree to be personally liable on the Secured Debt. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Grantor and Lender.

14. **SEVERABILITY; INTERPRETATION.** This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.

15. **SUCCESSOR TRUSTEE.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee without any other formality than the designation in writing. The successor trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon Trustee by this Security Instrument and applicable law.

16. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one grantor will be deemed to be notice to all grantors. Lender and Grantor request that copies of any notice of default or notice of sale under a superior security instrument be sent to Lender and Grantor at the addresses listed in DATE AND PARTIES section.

17. **WAIVERS.** Except to the extent prohibited by law, Grantor waives all appraisement or marshalling of assets relating to the Property.

18. **SPOUSE'S SEPARATE PROPERTY.** Any Grantor who is a married person expressly agrees that recourse may be had against his or her separate property.

19. **LINE OF CREDIT.** The Secured Debt includes a revolving line of credit. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.

20. **APPLICABLE LAW.** This Security Instrument is governed by the laws as agreed to in the Secured Debt, except to the extent required by the laws of the jurisdiction where the Property is located, and applicable federal laws and regulations.

Experts © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA 9/13/2001
-C465(CA) (0112)

(page 5 of 6)

Loan No: 3140579

21. **RIDERS.** The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument. [Check all applicable boxes]
☐ Assignment of Leases and Rents    ☐ Other ..................................................................................
22. ☐ **ADDITIONAL TERMS.**

23. **REQUEST FOR NOTICE.** In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded ............ N/A ........, ......... N/A ......... , in book ........ N/A ......... page ........ N/A ......... , records of ......... N/A ................ County, (or filed for record with recorder's serial number ......... N/A ......... , ......... N/A ................ County) California, executed by ..... N/A .....
.......................................................................................... as trustor (or mortgagor) in which
......... N/A .................................................................., is named as beneficiary (or mortgagee) and
......... N/A .................................................................. as trustee be mailed to:
Name ......... N/A .................................................................................... at
Address ......... N/A ........................................................................................

NOTICE: A copy of any notice of default and of any notice    Signature on behalf of the requester named above:
of sale will be sent only to the address contained in this
recorded request. If your address changes, a new request
must be recorded.    Signature .................. N/A ................
(Include the requester's name, by the signer, among those acknowledging below, or use a separate acknowledgment form.)

**SIGNATURES:** By signing below, Grantor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Grantor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

(Signature) Janeen Johnson Foster    11/24/2003    (Signature) Lamont Cederic Foster    11/24/03
                                                      *LCF*

**ACKNOWLEDGMENT:**
STATE OF *California*    COUNTY OF *Riverside*    }ss.
On this ....*24*.... day of .....*November*..... before me ....*G. E. Clark*....
a notary public, personally appeared ..........................................................
....................*Janeen Johnson Foster,*..........................
....................*Lamont Cedric Foster*..........................
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature ...... *G. E. Clark*
Name (typed or printed) .... *G. E. CLARK*
My commission expires: ..... *26 Oct. 2005*

G. E. CLARK
Commission # 1326876
Notary Public — California
Orange County
My Comm. Expires Oct 26, 2005

---

### REQUEST FOR FULL RECONVEYANCE

**To Trustee:** The undersigned is the holder of the note or notes secured by this Deed of Trust, which was recorded in the office of the Recorder of ........................ County, State of California, in book ........................ page ................ of official records. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.
Dated: ........................................................................................

---

Assessor's Identification Number .......................... - .......... ................
ExpereΣ © 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDT-CA 9/13/2001
-C465(CA) (0112)    *(page 6 of 6)*

File No: 05651227

# EXHIBIT "A"

All that certain real property situated in the County of Riverside, State of California, described as follows:

Lot(s) 49 of Tract No. 28092, in the Unincorporated Area of the County of Riverside, State of California, on file in Book 310, Page(s) 5 through 9 of Maps, Records of said County, California.

Assessor's Parcel Number:      958-462-034-9

Page 3

# Exhibit "4"  - Proof of Claim

**B10 (Official Form 10) (12/08)**

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA (RIVERSIDE) | PROOF OF CLAIM |
| --- | --- |

| Name of Debtor:  JANEEN FOSTER | Case Number:  11-10639 |
| --- | --- |

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (The person or other entity to whom the debtor owes money or property):
First American

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

FIRST AMERICAN
C O WEINSTEIN AND RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121

Telephone Number:  (877) 332-3543

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

FIRST AMERICAN
C O WEINSTEIN AND RILEY, PS
PO BOX 3978
SEATTLE, WA 98124-3978

Telephone Number:  (877) 332-3543

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim at Time Case Filed:**    $48811.18

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**    CREDIT CARD
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**    XXXXX5889

    **3a. Debtor may have scheduled account as:** _____
    (See instruction #3 on reverse side.)

**4. Secured Claim**    (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property of right of setoff:**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: _____

Value of Property: $_____   Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: _____   Amount Unsecured: _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).**
If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.
(See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: January 19, 2011 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>/s/  Richard S. Ralston<br>Richard S. Ralston, WA Bar No. 8546<br>Attorney for First American | FOR COURT USE ONLY |
| --- | --- | --- |

*Penalty for presenting fraudulent claim:*    Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Account Summary

| | |
|---|---|
| Debtor Name: | JANEEN FOSTER |
| Debtor SSN: | XXX-XX-2469 |
| Debtor Address: | 36022 TARAH CT, WINCHESTER, CA 92596 |
| Balance at Time of Filing: | $48811.18 |
| Last Payment Date: | November 17, 2007 |
| Last Payment Amount: | $0.00 |
| Last Purchase Date: | |
| Last Purchase Amount: | |
| Merchant: | |
| Issuer: | INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVING |
| Assignor: | |
| Creditor Name: | |
| Account Number: | XXXXXX5889 |
| Open Date: | 11/18/2003 |
| Case Number: | 11-10639 |
| Chapter: | 13 |

Pursuant to paragraph 7 Official Bankruptcy Form 10, Proof of Claim, in lieu of attaching voluminous account documents, a summary of the account, compiled from the information contained in the account databases of INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK and their agents, if any, is provided. (See instructions to Official Form 10). This debt arises from the use of a credit / charge card account or other money loaned, the supporting documents for which were provided by INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK to the debtor pre-petition. For further information about this claim call (877) 332-3543. Some documents may no longer be available.

# Exhibit "5"  - Schedule D

B6D (Official Form 6D) (12/07)

In re **Lamont Cedric Foster,**
     **Janeen Yvelle Foster**

Case No.   **6:11-bk-10639**

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxx034-3 | | | 2010 | | | | | |
| **Creditor #: 1**<br>**Don Kent, Treasurer**<br>**4080 Lemon Street (1st Floor)**<br>**Riverside, CA 92502** | | C | **Property Taxes**<br><br>**Principle Residence:**<br>**36022 Tarah Court**<br>**Winchester, CA 92596** | | | | | |
| | | | Value $                 215,000.00 | | | | 3,386.14 | 3,386.14 |
| Account No. x1485 | | | **Current** | | | | | |
| **Creditor #: 2**<br>**Monet**<br>**c/o The Prescott Companies**<br>**5966 La Place Court Suite 170**<br>**Carlsbad, CA 92008** | | C | **HOA Dues**<br><br>**Principle Residence:**<br>**36022 Tarah Court**<br>**Winchester, CA 92596** | | | | | |
| | | | Value $                 215,000.00 | | | | 0.00 | 0.00 |
| Account No. x1845 | | | 2009-2010 | | | | | |
| **Creditor #: 3**<br>**Monet**<br>**c/o The PRescott Companies**<br>**5966 La Place Court Suite 170**<br>**Carlsbad, CA 92008** | | C | **HOA Dues- ARREARS**<br><br>**Principle Residence:**<br>**36022 Tarah Court**<br>**Winchester, CA 92596** | | | | | |
| | | | Value $                 215,000.00 | | | | 1,193.00 | 1,193.00 |
| Account No. xxxxxxxxx8468 | | | Opened 12/31/02  Last Active  8/09/10 | | | | | |
| **Creditor #: 4**<br>**Onewest Bank**<br>**6900 Beatrice Dr**<br>**Kalamazoo, MI 49009** | | W | **First Mortgage**<br><br>**Principle Residence:**<br>**36022 Tarah Court**<br>**Winchester, CA 92596** | | | | | |
| | | | Value $                 215,000.00 | | | | 231,300.00 | Unknown |
| **1**   continuation sheets attached | | | Subtotal<br>(Total of this page) | | | | 235,879.14 | 4,579.14 |

*Exhibit 5*

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re    **Lamont Cedric Foster,**                           Case No.   **6:11-bk-10639**
              **Janeen Yvelle Foster,**

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. TS#CA05002383-10 | | | | | | | | |
| MTC Financial, Inc. dba Trustee Corps 17100 Gillette Avenue Irvine, CA 92614 | | | Additional Notify: Onewest Bank | | | | Notice Only | |
| | | | Value $ | | | | | |
| Account No. xxxxxxxxxxxx6439 | | | Opened 12/01/03  Last Active 11/01/07 | | | | | |
| Creditor #: 5 Onewest Bank, FSB Attn: Officer of the Bank 888 E. Walnut STreet Pasadena, CA 91101 | | W | Second Mortgage Principle Residence: 36022 Tarah Court Winchester, CA 92596 | | | | | |
| | | | Value $          215,000.00 | | | | 52,869.00 | 52,869.00 |
| Account No. 5889 | | | | | | | | |
| Onewest Bank Attn: Officer of the Bank 6900 Beatrice Drive Kalamazoo, MI 49009 | | | Additional Notify: Onewest Bank, FSB | | | | Notice Only | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| Weinstein & Riley, PS 2001 Western Avenue, Suite 400 Seattle, WA 98121 | | | Additional Notify: Onewest Bank, FSB | | | | Notice Only | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet <u>1</u> of <u>1</u> continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 52,869.00 | 52,869.00 |
| Total (Report on Summary of Schedules) | 288,748.14 | 57,448.14 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                   Best Case Bankruptcy