| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| LORENE LYNN MIES, Attorney at Law<br>A Professional Law Corporation<br>State Bar No.: 110954<br>38975 Sky Canyon Drive, Suite 204<br>Murrieta, CA 92563<br>Telephone: (951) 894-4791<br>Fax: (951) 894-4795<br>Email: lorene@lmieslaw.com<br><br>☐ *Individual appearing without counsel*<br>X *Attorney for : DEBTORS* | **FILED & ENTERED**<br><br>**MAR 31 2011**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY sandoval DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>LAMONT CEDRIC FOSTER and<br><br>JANEEN YVELLE FOSTER<br><br><br><br>                                              Debtor(s) | CHAPTER: 13<br><br>CASE NO.:  6:11-bk-10639-CB<br><br>---<br>DATE: 3/17/2011<br>TIME:  1:30 p.m.<br>CTRM: 303<br>FLOOR:3rd |

## ORDER ON MOTION TO AVOID JUNIOR LIEN ON REAL PROPERTY
### (CREDITOR HOLDING JUNIOR LIEN: ONEWEST BANK, FSB)

1. The Motion was:    ☐ Contested    ☒ Uncontested    ☐ Settled by stipulation

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property ("Subject Property"):

     *Street Address:          36022 Tarah Court*
     *Apartment/Suite No.:*
     *City, State, Zip Code:  Winchester, CA   92596*

   Legal description or document recording number (including county of recording):

   LOT 11 of RESUBDIVISION OF MORSE HEIGHTS, according to the Map thereof No. 8283, filed in the Office of the County Recorder of San Diego County, March 26, 1976

        ☐ See attached page.

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

   a.  <u>OneWest Bank</u>          in the amount of <u>$231,000.00</u>      ☐ is ☒ is not    to be avoided;
       (*Name of holder of 1st Lien*)          (*Amount of lien*)
   b.  <u>OneWest Bank, F.S.B.</u>      in the amount of <u>$52,869.00</u>      ☒ is ☐ is not   to be avoided;
       (*Name of holder of 2nd Lien*)          (*Amount of lien*)
   c.  _____    in the amount of _____    ☐ is ☐ is not   to be avoided;
       (*Name of holder of 3rd Lien*)                  (*Amount of lien*)

        ☐ See attached page for any additional encumbrance(s).

*(Continued on next page)*

| In re    FOSTER | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NO.: 6:11-bk-10639 |

4.  The motion is:
    a.  ☐ DENIED   ☐ with  ☐ without   prejudice, on the following grounds:
           1.  ☐ Based upon the findings and conclusions made on the record at the hearing
           2.  ☐ Unexcused non-appearance by Movant
           3.  ☐ Lack of proper service
           4.  ☐ Lack of evidence supporting motion
           5.  ☐ Other (specify):
    b.  ☒ GRANTED on the following terms:
        i.  The Subject Property is valued at no more than $215,000.00 based on adequate evidence.

       **ii.  This order is effective upon receipt of a chapter 13 discharge in this case.**

      iii.  Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.

      iv.  The claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.

      v.  The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim.  The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan. If an amended claim is not filed, the Trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order.

      vi.  The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon the Debtor's completion of the chapter 13 plan and the Debtor's receipt of a chapter 13 discharge.

      vii.  The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, if the Debtor completes the chapter 13 plan but does not receive a discharge, or if the Subject Property is sold or refinanced prior to the Debtor's receipt of chapter 13 discharge.

      viii.  In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's completion of the chapter 13 plan and receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the surplus proceeds from the foreclosure sale for the full amount due and owing under the note and deed of trust.
      ix.  ☐ See attached continuation page for additional provisions.

###

DATED: March 31, 2011

_____
United States Bankruptcy Judge

Order On Motion to Avoid Junior Lien on Real Property - *Page 3 of* _____

| In re    FOSTER | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NO.: 6:11-bk-10639 |

### NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.

**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) __ORDER ON MOTION TO AVOID JUNIOR LIEN ON REAL PROPERTY__  was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_ March 31, 2011 _, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

United States Trustee - ustpregion16.rs.ecf@usdoj.gov
Amrane (RS) Cohen - efileRS@ch13ac.com
Lorene Lynn Mies – lorene@lmieslaw.com

☐    Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Lamont and Janeen Foster
36022 Tarah Court
Winchester, CA  92596

OneWest Bank, FSB              First American
Attn:  Officer of the Bank      c/o Weinstein and Riley, PS
888 E. Walnut Street            2001 Western Avenue, Suite 400
Pasadena, CA  91101            Seattle, WA  98124

☐   Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐   Service information continued on attached page